STATE v. F. M. BISANER.

*Sheriff—Costs—Taxes—Variance.*

1. A sheriff is not entitled to the fee of .fifty cents as for an execution against each tax payer, after the tax list is placed in his hands, but only becomes entitled to such fee, if at all, when he actually levies and seizes property in order to collect the tax.
2. Where the defendant was indicted for extortion, and the bill charged that it was done as tax collector, while the evidence showed that he was deputy sheriff, and collected taxes by virtue of this office, and not that of tax collector, the variance was held to be fatal.
3. Where the defendant was indicted for extortion in collecting two dollars and thirteen cents as taxes, when only one dollar and sixty-three cents was due, and the evidence showed that he collected one dollar and sixty-three cents as taxes, and fifty cents as costs, the variance was held to be fatal.

INDICTMENT, tried before *Meares, Judge,* and a jury, at February Term, 1887, of the Criminal Court of MECKLEN-BURG county.

The indictment charges that the defendant, " being one of the special tax collectors in and for the county and State aforesaid, duly appointed and qualified as such in conformity to law, to perform the duties of that office, not regarding the duties of that office, but contriving and intending one Robert Gray, to injure and oppress, on the said day aforesaid, by color of his said office, did knowingly, wilfully, corruptly

and extortively, demand, take and receive from the said Robert Gray, the sum of two dollars and thirteen cents, as the tax due to the said county and State by the said Robert Gray, for the fiscal year commencing June 1st, 1886, and ending June 1st, 1887, whereas in truth and in fact, the tax computed against and owing by the said Robert Gray for the said fiscal year amounted to one dollar and sixty-three cents, as he, the said F. M. Bisaner, then and there well knew, contrary," &c.

To this indictment the defendant pleaded not guilty. On the trial, the jury rendered a special verdict, from which it appeared, that the defendant was a deputy sheriff, qualified to collect taxes, and "was specially charged with the collection of certain poll taxes due and unpaid"—that on the 27th day of November, 1886, the agent of the prosecutor Gray "paid to the defendant $2.13," of which "$1.63 was paid and received as the tax due from Gray, and fifty cents was demanded and received by defendant as a fee for collecting said tax," and this was so paid by the agent. It was further found as a fact, that the defendant had been told that he was entitled to such a fee, and he honestly believed he was so entitled, as did the agent.

Upon the special verdict, the Court directed a verdict of guilty to be entered, gave judgment for the State, and the defendant appealed to this Court.

*The Attorney-General*, for the State.
*Messrs. Platt D. Walker* and *A. Burwell*, for the defendant.

MERRIMON, J., (after stating the facts). The statutory provision in question (Acts 1885, ch. 177, §28) gives the tax list of county and State taxes, with the proper order of the county commissioners entered thereon as prescribed, "the force and effect of a judgment and execution against the property of the person charged in such list," when the same

went into the hands of the sheriff or tax collector for collection, but this did not imply that it was to be treated as an execution in the hands of the sheriff against each tax payer, so as to entitle him at once and certainly to an execution fee of fifty cents, as in case of an execution in his hands, commanding him to collect the sum of money therein specified, from one party for another named. There was no provision that in terms or effect gave the sheriff such right. He, on receiving the tax list, at first held the same to permit the tax payer to pay the taxes due from him without costs. The statute mentioned (§37,) required him to "attend at the court-house or his office in the county town during the months of September and November for the purpose of receiving taxes," and in like manner, "to attend at least one day during the month of October at some one or more places in each township," of which notice should be given, to receive taxes—the obvious purpose being, to give tax payers convenient opportunity to pay without cost. If any one of them should fail to pay voluntarily, then the sheriff becomes authorized to seize and sell the property of the delinquent, to make the sum of money required, and in case of such seizure and sale, he becomes entitled, if at all, to an execution fee, because, in that case, the " tax list " served the purpose of an ordinary execution. So it is clear that the defendant had no right to demand and receive from the prosecutor the fee of fifty cents. But the present revenue law expressly provides that the sheriff shall have such fee in case of levy and sale of property to pay taxes.

We think, however, that the Court erred in directing the verdict of guilty to be entered, upon the ground that the charge made in the indictment was not proven substantially as made. The charge was that the defendant, " being one of the special tax collectors in and for the county and State aforesaid," &c. The proof was that the defendant was a deputy sheriff, qualified to collect taxes and account for the

same to the sheriff. A tax collector is an officer whose sole duty it is to collect the State and county taxes, and a special tax collector is one appointed in the place of the sheriff, in case he fails to qualify himself to collect the same.

It may be, the defendant went to trial under his plea of not guilty, prepared to defend himself against the charge made against him as special tax collector, but not as deputy sheriff. Moreover, if he should be indicted as deputy sheriff for the extortion charged upon him in this action, he could not plead his conviction or acquittal in this action, in that, because, the two charges would be different, not simply in form, but in substance.

Further, the charge was that the defendant collected from the prosecutor two dollars and thirteen cents as the tax due from him to the county and State for the fiscal year of 1886–'87, whereas, the tax so due from him was but one dollar and sixty-three cents, &c. The proof was that the defendant demanded and collected but one dollar and sixty-three cents *as tax* so due, and in addition thereto, fifty cents as and for his fee, which he claimed he had a right to collect. Now the charge as made is so materially different from that proven, as that a conviction or acquittal in this action could not be pleaded in a subsequent action for extorting fifty cents as a fee.

The defendant is charged as a special tax collector with extortion in collecting more money as taxes for the county and State than was due from the prosecutor; the proof was that he, as deputy sheriff, collected the exact amount so due, but unlawfully collected a fee for himself of fifty cents not due.

The offence charged and that proven, though similar in their nature, were so distinctively different as to the material facts of each, as that they were not the same, but distinct offences in contemplation of law. The Court ought, there-

fore, to have directed a verdict of not guilty to be entered, and given judgment for the defendant.

There is error. Let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                                          Reversed.